**CENTRAL TECHNICAL INSTITUTE**

v.

**UNITED STATES.**

No. 77–57.

United States Court of Claims.
Dec. 1, 1960.

Thomas M. Gittings, Jr., Washington, D. C., for plaintiff; John W. Gaskins and King & King, Washington, D. C., on the brief.

David Orlikoff, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant; Joseph B. Grigsby, Arlington, Va., on the brief.

JONES, Chief Judge.

The plaintiff operates a school in the State of Missouri which provides both correspondence and resident courses. It has obtained the necessary approval from the Veterans Administration for the education and training of Korean War veterans as provided for in the Veterans' Readjustment Assistance Act of 1952, 66 Stat. 663 et seq., 38 U.S.C. § 901 et seq.* It seeks to recover allowances alleged to be due under section 265(b) of this act, 66 Stat. 680,** relative to its training of Korean War veterans in its resident courses.

In order to aid in relieving the expenses that would be incurred by educational institutions in submitting reports and certifications to the Veterans Administration, section 265(b) provides the following:

> "The Administrator shall pay to each educational institution which is required to submit reports and certifications to the Administrator under this title, an allowance at the rate of $1.50 per month for each eligible veteran enrolled in and at-

* Now 38 U.S.C.A. § 1601 et seq.

** Now 38 U.S.C.A. § 1665.

tending such institution under the provisions of this title to assist the educational institution in defraying the expense of preparing and submitting such reports and certifications. Such allowances shall be paid in such manner and at such times as may be prescribed by the Administrator, except that in the event any institution fails to submit reports or certifications to the Administrator as required by this title, no allowance shall be paid to such institution for the month or months during which such reports or certifications were not submitted as required by the Administrator."

When the case was first before the court the plaintiff was granted recovery on its claim under this section with regard to reports furnished in connection with veterans enrolled in its correspondence courses. See opinion in Radio-Television Training Association v. United States, 163 F.Supp. 637, 143 Ct.Cl. 416, which opinion was made applicable to this case by an order of the same date. Pursuant to a motion by defendant that opinion was clarified by order of December 3, 1958. The reports filed with the Veterans Administration for which plaintiff, by an amendment of its petition, now claims an allowance are those entitled "Enrollment Certification" which are required to be furnished and were furnished by plaintiff with respect to the enrollment or reenrollment of veterans in its resident courses.

Section 265(b), supra, provides that the allowances to be paid thereunder are to be paid in such manner as the Veterans Administration may prescribe. By regulation the Veterans Administration has provided that the allowance shall be computed on the basis of $1.50, now $1.00, for each required certification of training received which certification is to be submitted for each month. Thus, defendant asserts, the allowance is restricted to one type of report which is entitled the "Monthly Certification of Training." Such a report is furnished by the schools each month except where the enrollment occurs after the twentieth day of the month. Where the enrollment occurs after the twentieth the enrollment certificate is required to be submitted immediately, but the submission of the monthly certification for that partial month is delayed and furnished together with the certification for the first full month. Therefore, where the enrollment occurs after the twentieth no certificate of training is filed, and hence no allowance under section 265(b) is received although a report, "Enrollment Certificate," is in fact filed that month.

In our prior opinion, as clarified, referred to above, we stated:

"However, the allowance is not restricted to the preparation and submission of the form entitled 'Certification of Training', but covers other reports and certifications required under the Act as well."

Defendant would have us limit that holding to reports furnished relative to correspondence courses. The basis of the prior decision was the belief that what the Congress clearly intended was an allowance of $1.50 to the schools per month for each month in which a required report or certification was furnished with respect to an enrolled veteran. The report in question is a required one, and is in fact the type of report specifically called for in paragraph (a) of this same section 265. An allowance for it is clearly covered by our prior opinion, and we see no distinction insofar as it is concerned based on correspondence versus resident courses.

Plaintiff's motion for summary judgment is granted, and defendant's like motion is denied. Plaintiff is entitled to recover, and judgment will be entered to that effect with the amount of recovery to be determined pursuant to Rule 38(c), 28 U.S.C.A.

It is so ordered.

DURFEE, LARAMORE, MADDEN, and WHITAKER, Judges, concur.