### NATIONAL SCHOOLS
### v.
### The UNITED STATES.
### No. 60-61.

United States Court of Claims.
May 13, 1966.

---

Thomas M. Gittings, Jr., Washington, D. C., attorney of record, for plaintiff. King & King, Washington, D. C., of counsel.

David Orlikoff, Washington, D. C., with whom was Asst. Atty. Gen., John W. Douglas, for defendant.

Before COWEN, Chief Judge, JONES, Senior Judge, and LARAMORE, DAVIS and COLLINS, Judges.

JONES, Senior Judge.

The plaintiff, an incorporated school engaged, *inter alia,* in the educational training of veterans, seeks additional monthly allowance for expenses incurred in filing reports and certificates of enrollment for all veterans enrolled before the 20th of the initial month of attendance at the school.[1]

The statute requires the filing of designated reports and specifies a rate of payment to cover the expense of preparing and making such reports. 38 U.S.C. § 1665 (1958).

The defendant admits an obligation to pay, if not already paid, $1.00 per month per student for the expense of filing papers in connection with any month for the period such student was enrolled and *attending the school.*

The plaintiff claims an additional $1.00 payment for the initial month of any veteran who was enrolled before the 20th of the month.

The plaintiff cites two of our decisions as supporting its contention: Central Technical Institute v. United States, 284 F.2d 377, 151 Ct.Cl. 693 (1960), and Radio-Television Training Association v. United States, 163 F.Supp. 637, 143 Ct. Cl. 416 (1958). But in neither of these opinions was it held that any school should be paid in excess of $1.00 per student per month for any month or part of a month that any student was enrolled and attending school.

Both opinions relied on the statutory language that the monthly rate was to be paid "for each eligible veteran enrolled in and attending such institution \* \* \* to assist the educational institution in defraying the expense of preparing and submitting such *reports and certifications."* [Emphasis added.][2] It was held that the school should be paid for each month for which any reports—whether one or more reports—were required, but only if such student was eligible. A student was only eligible for the particular month or part of the month during which he was enrolled and attending. The number of reports required made no difference. The payment was the same.

The language of section 265(b) of the Veterans' Readjustment Act is as follows:

The Administrator shall pay to each educational institution which is required to submit reports and certifications to the Administrator under this title, an allowance at the rate of $1.50 per month for each *eligible veteran enrolled in and attending such institution* under the provisions of this title to assist the educational institution in defraying the expense of preparing and submitting such reports and certifica-

---

1. Plaintiff also claims similar payment for students enrolled on or after the 20th of the month. Since this issue was settled in Central Technical Institute v. United States, 284 F.2d 377, 151 Ct.Cl. 693 (1960), it is unnecessary to discuss it herein. See the final page of this opinion for disposition of the entire petition.

2. Veterans' Readjustment Assistance Act of 1952, Sec. 265(b), 38 U.S.C. § 1665(b) (1958).

tions. Such allowances shall be paid in such manner and at such times as may be prescribed by the Administrator, except that in the event any institution fails to submit reports or certifications to the Administrator as required by this title, no allowance shall be paid to such institution for the month or months during which such reports or certifications were not submitted as required by the Administrator. [Emphasis added.]

The amount was reduced to $1.00 per month in 1953.

It will be noted that the payments are limited by statute to $1.00 per month for each month a student is enrolled and attending school.

■ Here, plaintiff is asking for an extra $1.00, which means $2.00 for one month or, in the alternative, an extra $1.00 for a month during which the student was not in attendance. Either payment, if made, would be in the teeth of the clear over-all limitation of the statute.

In other words, plaintiff is asking for two payments for any student enrolled before the 20th of the entrance month— one allowance for the enrollment certificate and another allowance for the training certificate covering the training rendered for the month of enrollment.

To use a simple illustration, covering a 6 months' attendance beginning January 10, the school claims $1.00 for submitting the enrollment report or certificate and $1.00 for the January training certificate, which was to be filed before the 10th day of the succeeding month. The enrollment certificate is filed in January immediately after enrollment. The plaintiff is paid $6.00 for training reports covering the 6 months of attendance. He then claims an extra $1.00 for the enrollment, or $7.00 for making out reports covering 6 months of attendance.

We are confident the Congress never intended payment for a month in excess of the months of attendance. In fact, the Congress evidently thought $1.50 per month for each month was too high and

reduced the amount to $1.00 per month per student.

The plaintiff construes the opinions in the two cases mentioned to authorize such extra payments. A careful reading of the opinions cited by plaintiff will show that it was not intended to justify an extra payment for any month nor to authorize payment for any month that the student was not in attendance and was therefore not eligible.

In *Radio-Television*, supra, in which defendant sought to exclude entirely all correspondence schools, the opinion, while permitting recovery, stated on page 637 of 163 F.Supp., on page 427 of 143 Ct.Cl.:

> In no event shall more than one allowance be paid to plaintiff for any one month, per eligible veteran.

Plaintiff in the instant case, however, seizes on the following language in the *Radio-Television* opinion 163 F.Supp. 637, 143 Ct.Cl. at page 427:

> * * * the amount due being for the month *in which* that report or certification was received by the Veterans Administration. [Emphasis added.]

It interprets this language as holding that the school is entitled to $1.00 for each month in which an enrollment report or training certificate is received by the Veterans Administration, *regardless of the total number of months the veteran is actually enrolled in and attending the school*. This is reading the phrase "in which" out of context. Such a construction ignores entirely not only the over-all limitation contained in the first sentence quoted above, but the emphasis on such limitation clearly set out in other parts of the opinion.

The issues involved in *Radio-Television*, supra, were whether correspondence schools, under the statute, (1) were entitled to receive anything, and if so, (2) since correspondence schools only reported quarterly on veterans, whether they were entitled to receive $3.00 or only $1.00 for these reports. We held that the school should recover only $1.00 for reports covering each 3-month period.

The *Central Technical Institute* case arose because the Veterans Administration would only pay $1.00 for monthly training certificates, and not for enrollment reports. When the veteran enrolled before the 20th of the month, this procedure was satisfactory because a separate training certificate was still filed for the month of enrollment. The school received $6.00 for each veteran enrolled and attending school, e. g., from January through June. However, if the veteran enrolled after the 20th, no separate training certificate was filed during that month for the month of enrollment. The certification of training for the part of the entrance month was permitted to be delayed and filed along with the certificate for the next succeeding full month. Since the Veterans Administration did not pay for enrollment reports, the school *in this situation* only received $5.00. The school, in these circumstances, was not being paid anything for the entrance month. We held that our decision in *Radio-Television,* supra, had clearly stated that the $1.00 was owed regardless of the type of report or certificate filed.

The *Central Technical Institute* opinion held that in cases where enrollment occurs on or after the 20th of the month, the school is entitled to a $1.00 payment for the enrollment month if it files an enrollment certificate promptly and includes the certification of training for the rest of the enrollment month with the training certificate for the following month.

This is what the court held, and is all it held. It did not hold or purport to hold that the school might be paid *for* any month when the student was not in attendance, nor to authorize the payment for more months than actual attendance was shown, nor the payment of more than $1.00 per student for any one month.

The Conference Report on the 1952 Act definitely states that such a limitation is provided in the Act.

The original Bill as it passed the House contained no provision for a payment to the schools to cover the expenses in connection with the matter at issue. The Senate added an amendment providing payment.

The Conference Committee consisting of representatives of each body agreed on the present wording of section 265(b).

The final Conference Report contained the following explanation: [3]

> The Senate bill authorized the Administrator to pay educational institutions which are required to submit certain reports and certifications an allowance for each full-time eligible veteran or a pro-rated part thereof for a part-time veteran. No such provision was in the House bill. The conference agreement provides for a payment to the educational institution of $1.50 per month for each eligible veteran *enrolled in and attending such institution,* to be made in such manner and at such time as the Administrator may prescribe. [Emphasis added.]

Neither in the Act itself nor in the Conference Report is there a single line to indicate that the Congress meant to authorize the extra payment, but shining through the entire legislative history is the specific over-all limitation of $1.00 per month for each student for the period of actual attendance.

In neither of the opinions discussed above does the language justify payment in excess of $1.00 for each month during which such student was in actual attendance.

The judgment in the *Central Technical Institute* case was entered by agreement of the parties. Plaintiff may have received judgment for an extra payment not authorized by statute. If so, it was due to a misunderstanding of the opinion.

 As to plaintiff's claim for payments for the entrance month for students entering school before the 20th of the month, plaintiff's motion for summary judgment is denied, since the payments have already been made for such students. As to such claims the defend-

3. Con.Rep. No. 2481, 82d Cong., 2d Sess.; 2 U.S.Code Cong.Service (1952), pp. 2219, 2220.

ant's cross-motion is granted and plaintiff's petition is dismissed.

Defendant admits that plaintiff is entitled to recover, under the rule of *Central Technical Institute,* supra, for eligible veterans enrolled on or after the 20th of the month, if the proper certificates have been filed and payment has not been made according to such rule. As to the enrollment certificates filed for these eligible veterans within 6 years prior to the filing of the petition, plaintiff's motion is granted and defendant's motion is denied.

The case is referred to a trial commissioner pursuant to Rule 47(c) (2) for determining the amount of recovery.

DAVIS, Judge (concurring in the result):

I find this case far less open-and-shut than do my brethren. Section 265(b) provides for payments to the schools, for their reporting services, "at the rate of $1.00 per month", but the statute is not precise as to the number of months this compensation is to continue. The court now stresses the part of the section which establishes the allowance at the dollar rate "per month for each eligible veteran *enrolled in and attending* such institution" (emphasis added), as indicating that the top limit for the monthly payments is the total number of months the particular veteran is enrolled. This is certainly a reasonable interpretation, but the main difficulty, for me, is that the same section, later on, prohibits an allowance to the school "for the month or months *during which* such reports or certifications were not submitted as required by the Administrator" (emphasis added). This could well imply that payments are to be made for each separate month *during* which a report is properly filed as required, regardless of the total of such months. How should we resolve this statutory problem? The legislative history, in my view, sheds no light whatever; the committee reports simply parrot the terms of the bill. The opinions in our two prior cases on this subject refer to payment for the months "in which" or "during" which a report is "received" by the Veterans Administration or "furnished" by the institution (Radio-Television Training Ass'n, Inc. v. United States, 163 F.Supp. 637, 645, 143 Ct.Cl. 416, 427–428, (1958); Central Technical Institute v. United States, 284 F.2d 377, 378, 151 Ct. Cl. 693, 695 (1960)), but the majority is probably correct in saying that in those cases the court did not have the present issue in mind. The question must be regarded as still open.

I am moved by two factors to agree with the Government's construction of the statute. The first is that the Administrator of Veterans Affairs, after our *Central Technical Institute* decision, promulgated a regulation (38 C.F.R. § 21.2303(c), as amended) limiting, in effect, the total payments to the number of months of the veteran's enrollment. Since the exact scope and policy of the statute seem to me unclear, I cannot say that this reasonable regulation is an invalid departure from a plain statutory command. It must therefore be respected. See, e. g., United States v. Shimer, 367 U.S. 374, 381–382, 81 S.Ct. 1554, 6 L.Ed.2d 908 (1961); Mitchell v. Budd, 350 U.S. 473, 480, 76 S.Ct. 527, 100 L.Ed. 565 (1956); Commissioner v. South Texas Lumber Co., 333 U.S. 496, 501, 68 S.Ct. 695, 92 L.Ed. 831 (1948).

The second argument I find persuasive is that plaintiff's interpretation would differentiate among schools depending upon whether a report happened to be received by the Veterans Administration in one month or another. This could hinge on the method of delivery, the speed of the mails, or the deliberate choice of the institution—all of which should be irrelevant to the right to an allowance. As defendant points out, if the training certificate is completed on the final day of the month of enrollment and then delivered on the same day, the school receives only one payment for the two reports; if, however, the certificate is mailed on the last day of the month and arrives on the first of the next month, there will be separate payments. Such immaterial variances, built into plain-

tiff's theory, counsel against accepting the view that a school is necessarily entitled to payment for each month during which a report happens to be filed. On the other hand, limiting the total allowance by the students' period of enrollment avoids such discrepancies and puts schools on an equal basis.